UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YURY IGOVERICH MOSHA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH, SAMUEL OLSON, TODD LYONS, MARKWAYNE MULLIN, PAMELA BONDI, and DAREN MARGOLIN,<br><br>Respondents. | CAUSE NO. 3:26cv437 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee Yuri Igoverich Mosha, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Mosha alleges he was born in Russia in 1975, admitted into the United States on a B-2 visitor visa in 2011, and granted conditional lawful permanent resident status in 2018.

In January 2024, Mr. Mosha began serving a prison sentence after pleading guilty to identity theft and conspiracy to commit immigration fraud in New York. On July 23, 2024, he was served with a Notice to Appear to initiate removal proceedings. On August 22, 2024, he was transferred into the custody of United States Immigration and Customs Enforcement (ICE). On September 9, 2024, an immigration judge held a custody redetermination hearing for Mr. Mosha and concluded he was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(C) and thus statutorily ineligible for bond. The immigration judge alternatively

concluded Mr. Mosha had not met his burden to demonstrate he did not pose a danger to the community. Mr. Mosha then submitted an application for relief under the Convention Against Torture (CAT) which was denied by an immigration judge. Mr. Mosha appealed the immigration judge's denial of CAT relief to the Board of Immigration Appeals (BIA), and his appeal is currently pending before the BIA.

In November 2025, Mr. Mosha was transferred to Miami Correctional Facility (MCF), where he has been detained ever since. He argues his prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing has become unreasonable under the standard set out in *Black v. Decker*, 103 F.4th 133, 147 (2d Cir. 2024), which held that once mandatory detention under § 1226(c) becomes unreasonably prolonged, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause. *Black* considered (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* Mr. Mosha seeks relief in the form of a bond hearing or release under reasonable conditions.

This court is not bound by Second Circuit decisions and instead follows the decisions of the Seventh Circuit. Both the Supreme Court and the Seventh Circuit have held the mandatory detention provision in § 1226(c) is constitutional on its face. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th

Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained.").

The Seventh Circuit left open the possibility of an as-applied challenge to a particular detainee's detention under § 1226(c), noting, but not deciding, the open question of "whether mandatory detention under § 1226(c) is consistent with due process when a detainee makes a colorable claim that he is not in fact deportable." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1020-21 (7th Cir. 2004) (citing *Kim,* 538 U.S. at 560 (Souter, J., dissenting) ("Some individual aliens covered by § 1226(c) have meritorious challenges to removability or claims for relief from removal. . . . As to such aliens . . . the Government has only a weak reason under the immigration laws for detaining them.")). The Supreme Court, likewise, has not spoken on the as-applied constitutionality of prolonged detention under § 1226(c). *See Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (concluding as a matter of statutory interpretation that § 1226(c) did not place time limits on detention or require periodic bond hearings but remanding the constitutional arguments to the court of appeals for consideration in the first instance). Some district courts have considered as-applied due process challenges to prolonged detention under § 1226(c). *See, e.g., Baez-Sanchez v. Kolitwenzew*, 360 F. Supp. 3d 808, 815 (C.D. Ill. 2018) ("Since *Jennings*, district courts across the country have continued to find prolonged detention [under § 1226(c)] unconstitutional when considering case-specific factors, including the length of the detention, the cause of the delay and whether the petitioner appears to be 'gaming the system,' and the likelihood of eventual removal."). Therefore, the court will order a response to explore whether an as-

applied due process challenge is appropriate here and, if so, what standards would apply to such a challenge.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago ICE Field Office at the Office of the Principal Legal Advisor; (d) the Acting Director of United States Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; (e) the Secretary of Homeland Security at the Office of the General Counsel and (f) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS such respondents to file an answer to the petition by **April 24, 2026**, addressing petitioner's arguments that his detention under 8 U.S.C. § 1226(c) has become unconstitutionally unreasonable and providing relevant immigration records necessary to evaluate the legality of his detention; and

(5) GRANTS the petitioner until **May 8, 2026,** to file a reply in support of his petition.

SO ORDERED.

April 10, 2026

*s/ Damon R. Leichty*
Judge, United States District Court